Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
Christian P. Ogata, Esq.
Nevada Bar No. 15612
SNELL & WILMER L.L.P.
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile: (702)784-5252
Email: afugazzi@swlaw.com
cogata@swlaw.com

John P. Padro, Esq.
(*Pro Hac Vice*)
Lauren K. Pelletier, Esq.
(*Pro Hac Vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
Email: JPadro@goodwinlaw.com
LPelletier@goodwinlaw.com

Brett M. Schuman, Esq.
(*Pro Hac Vice*)
GOODWIN PROCTER LLP
525 Market Street
San Francisco, CA 94105
Telephone: (415) 733-6000
Facsimile: (415) 677-9041
Email: BSchuman@goodwinlaw.com

Fred Feyzi, Esq.
(*Pro Hac Vice*)
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038
Email: FFeyzi@goodwinlaw.com

*Attorneys for Defendant*
*Eleven Software Inc.*

SNELL & WILMER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

DISH NETWORK L.L.C.,

Plaintiff,

v.

ELEVEN SOFTWARE INC.,

Defendant.

Case No. 2:26-cv-01845-CDS-BNW

**Stipulation and [Proposed] Order to Stay Discovery and Deadlines Pending Resolution of Defendant's Motion to Dismiss First Amended Complaint**

**FIRST REQUEST**

Defendant Eleven Software, Inc. and Plaintiff DISH Network L.L.C. (together, the "Parties") hereby stipulate to stay discovery and all deadlines in this matter, except as provided herein, pending resolution of Eleven Software's motion to dismiss [ECF No. 34] because good cause exists to do so.

SNELL & WILMER

## I. Procedural History

1. DISH filed its complaint on June 17, 2026. Eleven Software disputes that service was proper, but nonetheless, agreed to accept service and the parties stipulated that Eleven Software's response to DISH's complaint would be due on September 4, 2026. ECF Nos. 9, 16.

2. Eleven Software moved to dismiss DISH's complaint on September 4 and later moved to stay discovery pending resolution of Eleven Software's motion to dismiss. ECF Nos. 23, 28.

3. In lieu of responding to Eleven Software's motion to dismiss, DISH filed its first amended complaint on September 24, 2026. ECF No. 31.

4. On October 7, 2026, DISH served its disclosure of asserted claims and infringement contentions and made an accompanying document production, pursuant to Local Patent Rules 1-6 and 1-7.

5. On October 8, 2026, Eleven Software moved to dismiss DISH's first amended complaint, arguing that it fails to state a claim as a matter of law because both asserted patents are invalid under 35 U.S.C. §101. ECF No. 34. DISH's response to Eleven Software's renewed motion to dismiss is due on October 22, 2026.

6. Concurrent with filing its renewed motion to dismiss, Eleven Software communicated to DISH its intent to file a renewed motion to stay the proceedings pending the resolution of Eleven Software's renewed motion to dismiss.

## II. The Parties Agreed and Stipulate to a Stay of Discovery

7. After conferring, the parties have agreed to stay discovery, including fact, expert, claim-construction, and third-party discovery, and all related deadlines, pending resolution of Eleven Software's motion to dismiss, except as provided herein in Section III.

8. The parties further agree to provide a proposed scheduling order within 14 days of a ruling on Eleven Software's motion to dismiss.

## III. The Parties Have Agreed to a Limited Exchange of Documents

9. Notwithstanding the stay, Eleven Software agrees to produce certain documents within 60 days of the stay being entered.

10. Eleven Software agrees to provide:

a. Documents, which Eleven Software believes are sufficient to show revenue, from April 2022 to the present, for (1) Eleven Software (ElevenOS) and (2) the EKMS service, which the parties have agreed will be available to outside counsel along with one identified in-house counsel at DISH only.

b. Documents, which Eleven Software believes are sufficient to show the technical operation of the EKMS service, which will cover the handshake protocol utilized by the system. Eleven Software will agree to provide this technical documentation to only (1) outside counsel, and (2) under the necessary protective-order restrictions to be agreed to by the parties, including, at a minimum, a mandatory prosecution bar, as well as additional source code restrictions if applicable.

11. Notwithstanding this Stipulation, the parties agree that DISH may approach the Court to seek relief regarding the production and sufficiency of the above-mentioned documents, including during the pendency of the stay, upon a showing of good cause.

12. The parties agree that the production of the above-mentioned documents will not be used as a basis to otherwise limit either party's entitlement to the full scope of discovery permitted by the Federal Rules of Civil Procedure if the stay is lifted following Eleven Software's motion to dismiss.

13. The parties will submit to the Court a proposed protective order by October 23, 2026.

14. Eleven Software agrees to provide the material to DISH within 60 days from the issuance of this Court's order staying the deadlines at the latest. Should the parties have any disputes regarding the scope of the proposed protective order that they cannot resolve without the Court's intervention before the 60-day period expires, Eleven Software shall provide the material to DISH to be reviewed and accessed by outside counsel for DISH only and subject to the terms proposed by Eleven Software in the proposed protective order.

**IV. Good Cause Exists to Stay Discovery**

15. The parties recognize that a motion to dismiss does not automatically stay discovery.

SNELL & WILMER

However, this Court maintains the power to stay discovery and proceedings upon a showing of good cause. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324 at *4 (D. Nev. Oct. 14, 2021).

16. The parties agree that good cause exists to stay the deadlines in this matter. Courts in this district have explained that undue burden or expense can constitute good cause to stay discovery. *Schrader*, 2021 WL 4810324 at *4. Here, given the nature of this patent case and the need to exchange detailed merits contentions, make document productions, prepare factual and legal grounds for contentions of infringement and noninfringement, conduct fact and third-party discovery, among other items, the burden and cost of discovery and proceeding with other deadlines under the Local Patent Rules for both parties would be significant.

17. This request is made in good faith and not for the purpose of delay.

18. Thus, the parties respectfully request that this Court grant the parties' stipulation and stay discovery and all related deadlines in this matter, except as provided herein, pending resolution of Eleven Software's motion to dismiss.

SNELL & WILMER

///

///

///

IT IS SO STIPULATED.

Dated: October 20, 2026

KAEMPFER CROWELL

By: */s/ Michael J. Ballanco*
LYSSA S. ANDERSON
KRISTOPHER J. KALKOWSKI
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

FISH & RICHARDSON P.C.
RUFFIN CORDELL (*Pro Hac Vice*)
ADAM SHARTZER (*Pro Hac Vice*)
MICHAEL J. BALLANCO (*Pro Hac Vice*)
CHET CAMPBELL (*Pro Hac Vice*)

*Attorneys for Plaintiff*

Dated: October 20, 2026

SNELL & WILMER L.L.P.

By: */s/ Alex L. Fugazzi*
Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
Christian P. Ogata, Esq.
Nevada Bar No. 15612
1700 S. Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135

John P. Padro, Esq. (*Pro Hac Vice*)
Lauren K. Pelletier, Esq. (*Pro Hac Vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018

Brett M. Schuman, Esq. (*Pro Hac Vice*)
GOODWIN PROCTER LLP
525 Market Street
San Francisco, CA 94105

Fred Feyzi, Esq. (*Pro Hac Vice*)
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063

*Attorneys for Defendant Eleven Software*

**ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that the parties' stipulation is **GRANTED**. Discovery in this matter shall be **STAYED** pending resolution of Defendant Eleven Software's motion to dismiss, except that Defendant Eleven Software must produce within 60 days, subject to other provisions in this stipulation including Paragraph 14:

Documents sufficient to show revenue, from April 2022 to the present, for (1) Eleven Software (ElevenOS) and (2) the EKMS service, which will be available to outside counsel along with one identified in-house counsel at DISH only.

Documents sufficient to show the technical operation of the EKMS service, which will cover the handshake protocol utilized by the system, which will be available to only (1) outside counsel, and (2) under the necessary protective-order restrictions to be agreed to by the parties, including, at a minimum, a mandatory prosecution bar, as well as additional





SNELL & WILMER

source code restrictions, if applicable.

**IT IS FURTHER ORDERED** that all disclosures, document production accompanying invalidity contentions, claim construction, opinions of counsel defenses, and all other post-claim construction deadlines are hereby STAYED.

**IT IS FURTHER ORDERED** that should the district court deny Defendant's motion to dismiss, the stay shall be lifted and the parties shall submit a joint proposed discovery plan and scheduling order and serve initial disclosures within 14 days of the lifting of the stay.

**IT IS FURTHER ORDERED** that the parties shall file their joint proposed protective order by October 23, 2026. Should the parties be unable to agree on any provision of the protective order by that deadline, the parties may seek court intervention to resolve those disputed issues, which shall not constitute a violation of the stay.

**IT IS SO ORDERED**.

UNITED STATES MAGISTRATE JUDGE
DATED: October 21, 2026

SNELL & WILMER